No. 22-1926

United States Court of Appeals
for the Seventh Circuit

United States of America,
Plaintiff-Appellee,

vs.

Paul Erlinger,
Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Indiana
Terre Haute Division
Case No. 2:18-cr-00013
The Honorable Judge Jane Magnus-Stinson

Brief and Required Short Appendix of
Defendant-Appellant Paul Erlinger

Jessie A. Cook
Law Office of Jessie A. Cook

1512 N. Delaware Street
Indianapolis, IN 46202
Telephone:      812-232-46345
Alt. Telephone: 812-239-4575
Email: jessieacook@icloud.com

Attorney for Paul Erlinger

**Oral Argument Requested**

## Circuit Rule 26.1 Disclosure Statement

Appellate Court No. 22-1926
Short Caption: United States v. Erlinger

(1)     The full name of every party that the attorney represents in this case:

**Paul Erlinger**

(2)     The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

**Jessie A. Cook, Law Office of Jessie A. Cook, Indianapolis, Indiana**

(3)     If the party or amicus is a corporation: **Not Applicable**

(4)     Provide the information required by FRAP 26.1(b): **Not Applicable**

(5)     Provide Debtor information required by FRAP 26.1(c)(1) & (2): **Not Applicable**

Attorney's Signature: **/s/ Jessie A. Cook**_____     Date: **August 4, 2022**_____

Attorney's Printed Name: Jessie A. Cook

Attorney is Counsel of Record for the above listed party under Circuit Rule 3(d).

Address:  **Law Office of Jessie A. Cook**       Phone Number:       **812-232-4634**
          **1512 North Delaware Street**      Alt. Phone Number: **812-239-4575**
          **Indianapolis, Indiana 46202**     Fax Number:         **None**
                                              Email:         **jessieacook@icloud.com**

## Table of Contents

**Page**

Circuit Rule 26.1 Disclosure Statement……………………………………………i

Table of Authorities…………………………………………………………..…ii

Jurisdictional Statement……………………………………………………1

Issues Presented for Review…………………………………………………2

Statement of the Case…………………………………………………2

      I.     Factual Background…………………………………………........2

      II.    Procedural History…………………………………………3

            A.    The 2017 Charging Documents and the 2018 Conviction…3

            B.    The 2018 Conviction was Vacated in 2021…………………6

            C.    The 2022 Resentencing…………………………………6

                  1.    Mr. Erlinger objected to any determination that he was subject to the enhanced penalties of the ACCA……………………………………………6

                  2.    The district court's findings and conclusions at resentencing…………………………………………7

Summary of the Argument………………………………………………9

Argument…………………………………………………………………..10

      I.     Standard of Review……………………………………………10

      II.    The District Court Impermissibly Engaged in Judicial Fact-finding and Erred in Concluding that Mr. Erlinger's Three Burglary Convictions Qualified for the Enhanced Penalties under ACCA……………………………………………10

A.    The district court both erred and violated Mr. Erlinger's rights under the Sixth Amendment by engaging in judicial fact-finding to determine whether his previous offenses were committed on "different occasions"...............12

B.    The district court erred in using *Shepard* documents to conclude that Mr. Erlinger's prior convictions were committed on "different occasions"................................15

C.    Even if the district court was permitted to rely on *Shepard* documents, the district court erred in relying on Indiana's charging documents given the fact that the time and location of an alleged crime is not an element of the offense and an admission to those facts is irrelevant to conviction............18

III.   The District Court Erred in Holding that Indiana's Burglary Statute Substantially Corresponds to a Generic Burglary and the Seventh Circuit Should Revisit and Overrule its Decision to that Effect in *United States v. Perry.* .............................................................21

Conclusion...................................................................................24

Certificate of Compliance with Fed. R. App. P. 32(a)(7)(B).............................25

## Table of Authorities

**Cases**                                                         **Page**

*Alleyne v. United States*, 570 U.S. 99 (2013)……………… ……….11, 15, 16

*Almendarez-Torres v. United States*, 523 U.S. 224 (1998)…………………..…16

*Apprendi v. New Jersey*, 530 U.S. 466 (2000)……………………….11, 12, 15, 16

*Black v. State*, 287 N.E.2d 354 (Ind. Ct. App. 1972)……………………………19

*Descamps v. United States*, 570 U.S. 254 (2013)……………………………17, 20

*Gray v. State*, 797 N.E.2d 333 (Ind. Ct. App. 2003)……………………………22

*Joy v. State*, 460 N.E.2d 551 (Ind. Ct. App. 1984)……………………………22

*Mathis v. United States*, 136 S. Ct. 2243 (2016………11, 12, 15, 16, 18, 19, 20, 22

*McCovens v. State*, 539 N.E.2d 26 (Ind. Ct. App. 1989)………………….……22

*Moritz v. State*, 465 N.E.2d 748 (Ind. Ct. App. 1984)……………………………19

*Nijhawan v. Holder*, 557 U.S. 29 (2009)…………………………………….……15

Shepard v. United States, 544 U.S. 13 (2005)…………………………16, 17, 18

*State v. Schell*, 224 N.E.2d 49 (Ind. 1967)………………………………………19

*Taylor v. United States*, 495 U.S. 575 (1990)…………………….………11, 15, 22

*Thurman v. State*, 319 N.E.2d 151 (Ind. App. 1974)……………………….……19

*United States v. Cina*, 699 F.2d 853 (7ᵗʰ Cir. 1983)………………….…………19

*United States v. Elliott*, 703 F.3d 378 (7ᵗʰ Cir. 2012)…………………….………13

*United States v. Foster*, 877 F.3d 343 (7ᵗʰ Cir. 2017)……………………………23

*United States v. Nardello*, 393 U.S. 286 (1969)……………………….…………22

*United States v. Perry*, 862 F.3d 620 (7ᵗʰ Cir. 2017)…………………………2, 10, 23

*United States v. White*, 997 F.2d 1213 (7th Cir. 1993)…………………….……….……10

*Weaver v. State*, 583 N.E.2d 136 (Ind. 1991)……………………….….………….20

*Wooden v. United States*, 595 U.S. _____(2022)……………….………12, 13, 14, 21

**Statutes**

18 U.S.C. §922(g)……………………………………………………….passim

18 U.S.C. §924……………………………………………………….passim

18 U.S.C. §3231……………………………………………………...…..1

18 U.S.C. §3742……………………………………………………….…..1

28 U.S.C. §1291…………………………………………………….…..1

28 U.S.C. §2255…………………………………………………...……6

I.C. 35-41-1-2………………………………………………………….19

I.C. 35-41-1-5………………………………………………………….20

I.C. 35-43-2-1………………………………………………………….23


**Other Authorities**
U.S. Const. Amend. VI…………………………………………………...passim

## Jurisdictional Statement[1]

The jurisdiction of the United States District Court for the Southern District of Indiana was founded upon 18 U.S.C. § 3231. Mr. Erlinger was originally charged by Criminal Complaint, and later by way of Information, with being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). ECF 1, 23. Mr. Erlinger was convicted on October 26, 2018 following his guilty plea to the single-count Information. ECF 50. The conviction was vacated on July 12, 2021 [ECF 81] and Mr. Erlinger was re-sentenced on May 16, 2022. ECF 108. An Amended Judgment was entered on May 17, 2022. ECF 109.

This Court has jurisdiction pursuant to 28 U.S.C. §1291 and 18 U.S.C. §3742. On May 22, 2022, Mr. Erlinger filed a timely Notice of Appeal from the Judgment entered by the district court on May 17, 2022. ECF 112. This appeal follows.

---

[1] The following abbreviations are used herein: district court docket number: "ECF ___"; short record on appeal: "R. ___"; Appendix: "App. ___"; Transcript of Sentencing Hearing: "T. ___".

## Issues Presented for Review

I.     Did the district court impermissibly engage in judicial fact-finding and err in concluding that Mr. Erlinger's three 1991 Indiana burglary convictions qualified for the enhanced penalties under the Armed Career Criminal Act?

A.     Did the district court both err and violate Mr. Erlinger's rights under the Sixth Amendment by engaging in judicial fact-finding to determine whether his previous offenses were committed on "different occasions" from one another?

B.     Did the district court err in using *Shepard* documents to conclude that Mr. Erlinger's prior convictions were committed on "different occasions"?

C.     Even if the district court was permitted to rely on *Shepard* documents to determine whether Mr. Erlinger's prior criminal convictions were committed on "different occasions", did the district court err in relying on Indiana's charging documents given the fact that the time and location of an alleged crime is not an element of the offense and an admission to those facts is irrelevant to conviction?

II.     Did the district court err in holding that Indiana's burglary statute substantially corresponds to a generic burglary and should the Seventh Circuit revisit its 2017 decision to that effect in *United States v. Perry*, 862 F.3d 620?

## Statement of the Case

### I.     Factual Background

In 2017, Mr. Erlinger, a resident of Vincennes, Indiana and a supervisor at the Sunrise Coal Company[2], was the subject of a traffic stop by law enforcement

---

[2] ECF 41, PSIR ¶86.

officers who wanted to question him regarding an allegation that he was unlawfully in possession of firearms. Mr. Erlinger was *Mirandized* and admitted that there were firearms in his residence. A Search Warrant was obtained and executed on the same day and officers located 16 long guns and four handguns inside a locked gun safe in the residence. At least one of the firearms was manufactured outside the State of Indiana and had, therefore, traveled in interstate commerce. Investigating officers determined that Mr. Erlinger had multiple prior felony convictions. ECF 1, pp. 3-4.

## II.     Procedural History

### A.     The 2017 Charging Documents and the 2018 Conviction

A Criminal Complaint was filed on September 13, 2017, alleging that Mr. Erlinger possessed a firearm in violation of 18 U.S.C. §922(g)(1) and §924(e). ECF 1.

The Complaint alleged that Mr. Erlinger had been convicted of multiple felonies, including Dealing in Cocaine in Pike County, Indiana on June 27, 2005[3] and two Burglaries in DuBois County, Indiana, both on December 11, 1992[4]. ECF 1, pp. 3-4.

Mr. Erlinger waived indictment and a one-count Information was filed on April 20, 2018, charging him with violations of 18 U.S.C. §922(g)(1) and §924(3). The Information specifically alleged his possession of a Bushmaster .223 rifle on September 12, 2017, after he had been convicted of the three prior felonies previously listed in the Complaint. ECF 23.

---

[3] Cause No. 63C01-0303-FA-111
[4] Cause Nos. 19C01-9109-CF-105 and 19C01-9109-CF-106.

On April 20, 2018, Mr. Erlinger filed a Petition to Enter a Plea of Guilty to a violation of 18 U.S.C. §922(g)(1). The Petition provided notice that, if the statutory enhancement of §924(e) applied, the penalty would be increased from a maximum term of ten years to a nonsuspendible term of 15 years to Life. ECF 29. No plea agreement was filed. The 2017 Information to which Mr. Erlinger pled alleged, as predicate offenses for the ACCA enhancement, a 2005 Pike County, IN conviction for Dealing in Cocaine, and two 1991 DuBois County, IN convictions for Burglary. ECF 51.

Mr. Erlinger objected to U.S. Probation's determination that he was an Armed Career Criminal. Among other objections, he asserted that "…the four Dubois County Burglary convictions referenced in rhetorical paragraphs 38 – 41 of the PSIR each have the same referral date of May 8, 1991 and there is no factual basis for asserting that they were committed on different occasions or that they arose out of separate and distinct criminal actions as required by 18 U.S.C. 924(e)(1)." ECF 41, p. 24. Probation's response was that, even if the DuBois County convictions were not counted, Mr. Erlinger had other convictions that qualified as predicate offenses to support the ACCA enhancement. ECF 41, p. 24-25.[5] Mr.

---

[5] "Although, Mr. Erlinger objects to the applicability of the four Dubois County, Indiana, burglary cases, for which he was convicted on September 30, 1991, in separate cause numbers, these cases do not solely determine his armed career criminal offender status. The defendant has a burglary conviction out of Pike Circuit Court in 63C01-9112-CF-00404, to which he was sentenced to six years in the IDOC; a dealing in methamphetamine conviction in Pike Circuit Court in 63C01- 0303-FA-00111, to which he was sentenced to serve 20 years in the IDOC, and a dealing in a schedule II controlled substance, in Pike Circuit Court in 63C01-0306-FB-00439, to which he was sentenced to ten years in the

Erlinger preserved his objections in his Sentencing Memorandum and before the district court at sentencing. ECF 49, pp. 9-11; ECF 67, p. 16. During the plea colloquy, Mr. Erlinger admitted the essential elements of 18 U.S.C.§922(g)(1) but did not admit that he was subject to the §924(e) enhancement. ECF 67, pp. 8-9.

The district court sustained Mr. Erlinger's objection to the use of the prior convictions enumerated in paragraphs 38, 39, 40 and 41 [the DuBois County burglaries] as the separate dates could not be determined. ECF 67, pp. 16-17. The district court then determined that the ACCA enhancement applied, based, not on the three convictions alleged in the Information, but on the convictions enumerated in PSIR paragraphs 35, 43, 45 and 46 including a 1991 Salem, IL burglary, a 1991 Petersburg, IN burglary, and two 2003 Petersburg, IN convictions for Dealing in Controlled Substances. ECF 67, p. 17.

During his 2018 sentencing hearing, the district court acknowledged the fact that Mr. Erlinger "had been conduct clear for a long time until this event"[6] and that he had "proved [himself]" by doing good work, not being involved with drugs, excelling in his job, etc. Ultimately, the district court determined that a "fair sentence" in the case would be five years but acknowledged that it lacked the power to impose a sentence below the mandatory minimum called for by ACCA. ECF 67, pp. 22, 30.

---

IDOC, suspended. In addition, the defendant has two residential burglary convictions, case no. 91-CF-62 and 91-CF-187 in Salem, Illinois." ECF 41, pp. 24-25.

[6] His last previous conviction was in 2003 – more than 15 years prior to the current offense. ECF 94, ¶49

On October 26, 2018, Mr. Erlinger was sentenced to 180 months, followed by a supervised release term of one year, and a $100 special assessment was imposed. ECF 51. Mr. Erlinger did not appeal.

### B.     The 2018 Conviction was Vacated in 2021.

On October 28, 2019, Mr. Erlinger filed a Petition Pursuant to 28 U.S.C. §2255 alleging that his attorney was ineffective in failing to object to the use of his Pike County, IN burglary conviction and his two Indiana methamphetamine convictions in finding him to be an armed career criminal. ECF 54.

The district court held that Mr. Erlinger's Pike County burglary conviction constituted a violent felony under the ACCA, relying on *United States v. Perry*, 862 F.3d 620, 624 (7th Cir. 2017), but that the other convictions upon which the court had relied in 2018 no longer qualified as predicate offenses for the enhancement. Specifically, the court held that Mr. Erlinger's methamphetamine convictions did not qualify as serious drug offenses following *United States v. De La Torre*, 940 F.3d 938, 952 (7th Cir. 2019) and that his 1991 Illinois burglary conviction no longer qualified as a violent felony. *United States v. Glispie*, 978 F.3d 502 (7th Cir. 2020). The court then granted the §2255 Petition and vacated the 2018 Judgment subject to resentencing. ECF 23.

### C.     The 2022 Resentencing.

    1.    Mr. Erlinger objected to any determination that he was subject to the enhanced penalties of the ACCA.

U.S. Probation again concluded that Mr. Erlinger was subject to the ACCA enhancement based on five Indiana burglary convictions including a March 23, 1991

nonresidential burglary in Pike County[7], an April 4, 1991 nonresidential burglary in Dubois County, an April 8, 1991 nonresidential burglary in Dubois County and two April 11, 2019 nonresidential burglaries in Dubois County. ECF 94, ¶¶ 41, 42, 43, 44, 46.

Mr. Erlinger objected to the ACCA determination for the reasons that (1) the predicate offenses were not listed in the Information to which he pled; (2) the Indiana definition of a burglary is broader than the federal definition of a generic burglary and, therefore, Indiana burglaries do not constitute serious violent offenses; (3) the Indiana burglaries, not separated by an intervening arrest, were not "committed on occasions different from one another as required by the ACCA statute and any attempt to "look behind" the burglary convictions to parse out dates and locations would violate Mr. Erlinger's rights under the Sixth Amendment. ECF 94, pp. 26-29. He renewed his objections in a Sentencing Memorandum and in a Reply Brief and again at sentencing. ECF 101, 107; T. 19-47.

2.     The district court's findings and conclusions at resentencing.

Mr. Erlinger, then an inmate at the Federal Correctional Institution in Ashland, Kentucky, appeared remotely for re-sentencing on May 16, 2022[8]. After hearing argument from both parties, the district court held that it could "look at the locations of the crimes because those are essential to determining the elements",

---

[7] Mr. Erlinger asserted that the government lacked proof that the Pike County burglary had actually been reduced to a felony burglary conviction and the district court ultimately did not consider it as a predicate offense. T. 12, 48.

[8] All parties consented to Mr. Erlinger's request to appear by video conferencing due, in part, to the ongoing Covid-19 pandemic. ECF 108.

then looked at the charging documents to determine the dates on which those convictions which it had decided to consider as predicates for the ACCA[9] allegedly occurred and made a finding that those offenses had occurred on "different occasions" and that Mr. Erlinger was therefore eligible for the enhanced penalty provision of the ACCA. T. 47 – 49.

The documents upon which the district court relied included the 1991 charging Informations for each of the three previous burglary convictions, a Plea Agreement which consolidated four cases, including the three upon which the court relied, and a consolidated Judgment of Conviction for all four cases. Attached to the Plea Agreement was Exhibit A, a partially filled out form signed by Mr. Erlinger, and containing a statement that read "I hereby state that my plea of guilty in this cause….is an admission that the facts as stated in the information to which I am pleading guilty are true and correct."

The district court did not have access to the plea and/or sentencing transcripts, nor was a factual basis available. Based on the charging documents, the district court determined that the three previous burglaries at issue were committed on separate dates and on different occasions. T. 48-49.

The district court then entered an Amended Judgment and imposed an executed term of 180 months imprisonment to be followed by one year of supervised release, no fine and a special assessment of $100, previously paid. ECF 109.

_____

[9] The ACCA enhancement imposed in 2022 was based, not on the three convictions alleged in the Information, but on three 1991 Dubois County, IN burglaries. T. 48-49; ECF 94, ¶¶41, 43, 44; ECF 67, pp. 48-49.

Mr. Erlinger timely filed his Notice of Appeal on May 22, 2022, and this appeal follows. ECF 112.

## Summary of the Argument

For individuals with at least three prior convictions for crimes of violence or serious drug offenses or both, "committed on occasions different from one another", the Armed Career Criminal Act [ACCA] enhances what would otherwise be a sentence of not more than ten years to a sentence with a mandatory minimum term of fifteen years to life imprisonment.

Mr. Erlinger was sentenced to a fifteen-year term of imprisonment after the district court found that his three 1991 Indiana burglary convictions were "committed on occasions different from one another" based on its examination of three charging Informations, a Plea Agreement consolidating the three offenses and the Judgment of Conviction, also consolidating the offenses.

The district court's conclusion was based on its impermissible finding of non-elemental facts. Such facts carry with them both Sixth Amendment and due process procedural safeguards which are, however, absent when the court embarks on its own judicial fact-finding excursion. Here, the district court used so-called *Shepard* documents to determine the time and location of the burglaries at issue despite a long line of cases instructing that *Shepard* inquiries should be limited to a determination of the elements of the offense.

The district court's reliance on *Shepard* documents was especially egregious in Mr. Erlinger's case given the fact that neither time nor location is an element of

the offense in Indiana and errors in time and location in charging documents are irrelevant to conviction unless the error impacts the statute of limitation or the court's jurisdiction. Given this fact, Indiana defendants have no motivation to challenge erroneous statements as to time and location in charging documents.

In making the factual determination that Mr. Erlinger's previous convictions were committed on "separate occasions", the district court used unreliable documents and impermissibly engaged in judicial fact-finding in violation of Mr. Erlinger's Sixth Amendment rights.

Mr. Erlinger also urges this Court to revisit its 2017 decision in *United States v. Perry,* 862 F.3d 620, and find that Indiana's burglary statute sweeps more broadly than a generic burglary and convictions obtained under that statute should not be included as predicate offenses for an ACCA enhancement.

## Argument

### I.     Standard of Review

This Court reviews questions of law regarding interpretation of the Armed Career Criminal Act *de novo*. Factual matters that relate to the underlying previous convictions relied upon by the district court are reviewed for plain error. *United States v. White*, 997 F.2d 1213, 1215 (7th Cir. 1993).

### II.    The District Court Impermissibly Engaged in Judicial Fact-Finding and Erred in Concluding that Mr. Erlinger's Three Burglary Convictions Qualified for the Enhanced Penalties Under the Armed Career Criminal Act.

A person convicted of a violation of 18 U.S.C. § 922(g) who has three previous convictions for a violent felony or a serious drug offense, or both, committed on

occasions different from one another, is subject to the enhanced penalties of the

Armed Career Criminal Act, 18 U.S.C. § 924(e).

To determine whether the previous offenses constitute violent felonies or

serious drug offenses, the sentencing court employs a categorical approach as to

whether the statutory definition of the previous offense is broader than the

definition in the ACCA. *Taylor v. United States*, 495 U.S. 575, 576 (1990)( "The

sentencing court must generally adopt a formal categorical approach in applying the

enhancement provision, looking only to the fact of conviction and the statutory

definition of the predicate offense, rather than to the particular underlying facts.")

If the definition of the previous conviction encompasses more conduct than

the definition of the generic ACCA offense, it cannot serve as a predicate offense for

the enhancement. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016)( " if the

crime of conviction covers any more conduct than the generic offense, then it is not

an ACCA 'burglary'—even if the defendant's actual conduct (i.e., the facts of the

crime) fits within the generic offense's boundaries.")

In that context, the inquiry of the sentencing court is restricted by the

protections afforded the defendant by the Sixth Amendment to consideration of the

actual elements of the previous offense. *Mathis v. United States*, 136 S. Ct. 2243,

2252 (2016) (noting that the Court's "mantra" in ACCA cases is '[W]e consider [only]

the elements of the offense [,] without inquiring into the specific conduct of this

particular offender.'..."); *Alleyne v. United States*, 570 U.S. 99, 103 (2013)

(reiterating its Opinion in *Apprendi v. New Jersey*, 530 U.S. 466, 483 (2000) that

11

"Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.").

Similarly, when the sentencing court is tasked with determining whether the qualifying previous offenses were "committed on occasions different from one another", the restrictions imposed by *Apprendi* and followed by its progeny prohibit the court's inquiry into facts beyond those essential to a determination of the elements of the offense. To do otherwise would be to violate the defendant's Sixth Amendment right to a jury determination of those facts necessary to increase an offense's maximum penalty, except for the simple fact of a prior conviction. *Mathis*, 136 S. Ct. at 2252 ("[a judge] can do no more, consistent with the Sixth Amendment, than determine what crime with what elements, the defendant was convicted of.")

A.    **The district court both erred and violated Mr. Erlinger's rights under the Sixth Amendment by engaging in judicial fact-finding to determine whether his previous offenses were committed on "different occasions".**

The United States Supreme Court in its recent Opinion in *Wooden v. United States* , 595 U.S. _____ (2022), noted that the history of the so-called "occasions clause" of §924(e) "aligns with what this Court has always recognized as ACCA's purpose: to address the 'special danger' posed by the eponymous 'armed career criminal'. 595 U.S. __ at 13. The Court clarified that multiple criminal convictions arising from a single criminal "episode" can count only once for purposes of the ACCA and that an "occasion" may include any number of non-simultaneous activities.  595 U.S. _____ at 6. The defendant in *Wooden* burglarized ten separate storage units under a single roof on the same night – each entry into a different unit

resulting in a separate conviction but, according to the Supreme Court, collectively comprising one "occasion" for ACCA purposes.

The majority Opinion in *Wooden* distinguishes between its three-offense requirement and its three-occasion requirement to parse out true recidivists who commit three truly unrelated qualifying offenses. 595 ___ at 11-12. The Court's decision turns on issues such as location and timing of the various offenses – issues which are "frequently ambiguous".

Thus, imposition of the penalty provided by ACCA requires that the sentencing court first determine that the predicate offenses alleged by the government qualify as prior convictions for ACCA and, second, that they were committed on separate occasions. The second factor invariably requires proof of non-elemental facts and has caused much dispute and controversy among the circuits for more than a decade.

Pre-*Wooden*, the Seventh Circuit held that "even when a defendant has committed a multi-crime spree over a short period of time, each offense comprising the spree will be considered to have occurred on a separate occasion so long as the defendant at each step had the opportunity to stop and proceed no further." *United States v. Elliott*, 703 F.3d 378, 383 (7th Cir. 2012). In practice this meant that when crimes occurred sequentially, rather than simultaneously, they were considered to have occurred on occasions different from one another.

Justice Kagan's majority Opinion in *Wooden v. United States*, 595 U.S. ___ (2022), rejected the test adopted by the Seventh Circuit and held that the natural meaning of "occasion" cannot mean sequential versus simultaneous. "The ordinary meaning of the word 'occasion' – essentially an episode or event – refutes the Government's single-minded focus on whether a crime's elements were established

13

at a discrete moment in time." 595 U.S. ___ at 5. Rather, the Court held that an

occasion may…. "encompass a number of non-simultaneous activities; it need not be

confined to a single one." In fact, the Court rejected the government's contention

that an "occasion" ends at the discrete moment when an offense's elements are

established and, instead, held that Wooden's ten successive burglaries occurred on

one "occasion". 595 U.S. __ at 4,14.

The rejection of the "rule" that crimes occurring sequentially always occur on

different occasions is also echoed in Justice Gorsuch's Concurring Opinion which

recognizes that "crimes committed one after another can take place on a single

occasion." Concurring Op. at 1. In fact, Gorsuch goes further, opining that what

counts as "substantial gaps in time or significant intervening events" remains

unexplained and, while proximity of location can be important, it is not necessarily

dispositive. *Id.* 2.

After *Wooden*, what constitutes a single occasion is a multi-faceted inquiry

into timing ("though not in the split-second elements-based way the government

proposes"), proximity of location and the character and relationship of the offenses

("the more similar or intertwined the conduct, the more apt the offenses are to

comprise a single occasion"). 595 U.S.___ at 8. However, such an inquiry runs afoul

of the Supreme Court's earlier holdings that preclude judicial fact-finding where it

increases the maximum potential penalty for an offense and goes beyond an inquiry

into the simple fact of a prior conviction. Moreover, as Justice Gorsuch recognized in

his Concurring Opinion, this difficult analysis may well raise questions such as

14

whether the Occasions Clause can be squared with the Fifth and Sixth Amendment rights of defendants to be sentenced only on facts proven beyond a reasonable doubt by juries and not by sentencing judges. 595 U.S. ___ Gorsuch Concurring Op. at 2-3, 15, fn 7.

Mr. Erlinger argues that any fact specific inquiry must be limited to those facts necessary to establish the essential elements of the crimes in question. To hold otherwise would upend years of Supreme Court jurisprudence and permit sentencing courts to make findings of fact that properly belong to juries. *Cf. Apprendi v. New Jersey*, 530 U.S. at 490; *Mathis v. United States*, 136 S. Ct. at 2252; *Alleyne v. United States*, 570 U.S. at 103.

**B.    The district court erred in relying on *Shepard* documents to conclude that Mr. Erlinger's prior criminal convictions were committed on "different occasions".**

It is well established that *Apprendi v. New Jersey* precludes judicial fact-finding beyond the simple fact of a prior conviction. 530 U.S. 466, 490 (2000) ("only a jury, and not a judge, may find facts that increase a maximum penalty, except for the simple fact of a prior conviction".) In *Taylor v. United States*, 495 U.S. 575, 599, 602 (1990), the Supreme Court recognized that judicial fact-finding could encompass the elements essential to the prior conviction and in *Nijhawan v. Holder*, 557 U.S. 29, 33-36 (2009), the Court distinguished those statutory provisions that call for categorical inquiry into the nature of a prior conviction from those impermissible inquiries into the circumstance-specific facts of a prior conviction. The carve-out for the simple fact of the prior conviction is an exception to the

general rule that those facts that increase the potential penalty for an offense enjoy Sixth Amendment and due process procedural safeguards and, therefore, must be submitted to a jury. *Apprendi* at 488; *Alleyne v. United States*, 570 U.S. 99, 103 (2013).

There is a pretty simple reason underlying this rule. "Statements of 'non-elemental fact' in the records of prior convictions are prone to error precisely because their proof is unnecessary….a defendant may have no incentive to contest what does not matter under the law…[or he may] even be precluded from doing so by the court." *Mathis*, 136 S. Ct. 2243, 2252-3 (2016).

In *Shepard v. United States,* 544 U.S. 13 (2005), the Supreme Court noted the difference between the "fact of a prior conviction" and a "fact about a prior conviction", for purposes of enhancing a sentence under the ACCA. 544 U.S. 13, 24-26 (2005). The simple fact of a prior conviction is governed by the rule in *Almendarez-Torres v. United States,* 523 U.S. 224 (1998) and may be determined by the sentencing judge. The *Shepard* documents are a limited class of documents which the Supreme Court previously held could be used to determine the elements of the crime for which the defendant was convicted in order to determine whether the crime itself qualified as a predicate offense. *Shepard* documents generally include the charging documents, plea agreements, findings of fact and other conclusive records used in adjudicating guilt. *Shepard v. United States* at 21, 26.

The government in Mr. Erlinger's case provided the district court with so-called *Shepard* documents to enable it to determine whether the 1991 Indiana

burglaries in question occurred on "separate occasions". Dkt. 105, p. 3. The court received the charging documents, a plea agreement that consolidated four cases and an Exhibit A, signed by Mr. Erlinger, but which was devoid of any factual basis, and the consolidated Judgment. No findings of fact, no written or oral recitations of a factual basis and no records of the plea colloquy were available.

To the extent that ACCA requires a factual finding that the predicate offenses occurred on occasions different from one another, it requires proof of non-elemental facts, including facts regarding timing and location of the offenses. These facts do not constitute elements of the offenses in question and finding such facts requires a sentencing court to go outside the parameters previously established for the use of *Shepard* documents. While *Shepard* focused on a slightly different ACCA issue – the determination of whether a burglary defined by a non-generic statute necessarily admitted the elements of the generic offense – the documents to which it referred included those that contain a more robust factual basis than the simple Informations in Mr. Erlinger's case, *ie.* transcripts of in-court colloquies in which the defendant affirmatively confirms the factual basis for the offense or a record of comparable findings of fact in the judicial record. 544 U.S. at 14, 26.

In *Descamps v. United States*, 570 U.S. 254, 263-4 (2013), Justice Kagan underscores the "narrow scope" of the authority given sentencing courts to review the *Shepard* documents, describing that authority as "*not to determine 'what the defendant and state judge must have understood as the factual basis of the prior plea'* but only to assess whether the plea was to the version of the crime

17

…corresponding to the generic offense." (*emphasis added*) The Court noted that this application ["which is the only way we have ever allowed"] was focused on the elements and not the facts of the offense and avoided "serious Sixth Amendment concerns". 269.

In *Mathis v. United States*, 136 S. Ct. 2243 (2016), Justice Kagan again addressed the issue of the use of *Shepard* documents and again concluded, for the Court, that "a sentencing judge may look only to 'the elements of the [offense], not to the fact of [the] defendant's conduct." 136 S. Ct. at 2252 (internal citations omitted). In so doing, the Justice again recognized that "a construction of ACCA allowing a sentencing judge to go any further would raise serious Sixth Amendment concerns." 2252.

The district court found that Mr. Erlinger was convicted of three 1991 Indiana burglaries which were committed on *occasions* different from one another by impermissibly engaging in judicial factfinding in violation of Mr. Erlinger's Sixth Amendment rights. *Mathis* makes clear that the sentencing court cannot engage in such fact finding when the end result will change the available sentence as in an ACCA determination. 2247.

> **C.**     **Even if the district court was permitted to rely on *Shepard* documents, the district court erred in relying on Indiana's charging documents given the fact that the time and location of an alleged crime is not an element of the offense and an admission to those facts is irrelevant to conviction.**

"Statements of 'non-elemental fact' in the records of prior convictions are prone to error precisely because their proof is unnecessary….a defendant may have no incentive to contest

what does not matter under the law…[or he may] even be precluded from doing so by the court."
*Mathis*, 136 S. Ct. 2243, 2252-3 (2016).

Mr. Erlinger's burglary convictions present the very problem which concerned the *Mathis* Court. Each of the convictions upon which the district court based its ACCA enhancement was obtained in Indiana. However, the specific time and place at which a prior crime occurred is not an essential element of the crime in Indiana. *United States v. Cina*, 699 F.2d 853, 859 (7th Cir. 1983). In fact, Indiana charging authorities are only required to allege the date of the offense with sufficient particularity to show that it falls within the statute of limitation. I.C. 35-34-1-2(a)(5), (a)(6); *Black v. State*, 153 Ind. App. 309, 287 N.E.2d 354 (1972) (an information for the crime of burglary did not have to state the exact time of the offense as time is not of the essence); *State v. Schell*, 248 Ind. 183, 224 N.E.2d 49 (1967) (where time is not of the essence of the offense, it is sufficient to only allege the time specifically enough to establish that the offense was committed within period of limitations); *Thurman v. State*, 162 Ind. App. 267, 319 N.E.2d 151 (1974) (a typing error in the charging information which misstated the year of the offense in a narcotics case was not reversible error since the date was not of the essence of the offenses and could not have misled defendant). In fact, where time is not of the essence, the State may prove any date prior to the indictment, so long as it is within the statute of limitations. *Moritz v. State*, 465 N.E.2d 748 (Ind. Ct. App. 1984).

The exact location of an offense is also not an element of that offense in Indiana. Charging authorities in Indiana are only required to allege the location of the offense with sufficient particularity to show that it occurred within the jurisdiction of the court. I.C. 35-41-1-2(a)(7). A variance between the information and the proof at trial is fatal to the State's case only when the variance "misleads the defendant in the preparation of his defense or is of such a degree

as to be likely to place a defendant in double jeopardy." *Weaver v. State*, 583 N.E.2d 136, 141 (Ind. 1991) (where the information alleged that the victim was killed in a given county, but evidence at trial was only that the body was discovered in that county, the defendant was not misled in preparation of his defense).

Where the charging document sets forth an incorrect date or an incorrect location of the charged offense, Indiana considers the error to be an "immaterial defect" unless time or place is of the essence of the offense, which is not the situation in a burglary case provided only that the time does not run afoul of the statute of limitation and the location is within the court's jurisdiction. I.C. 35-34-1-5(a)(7).

Here, Mr. Erlinger pled guilty to the DuBois County offenses. No jury determined the date or location of any of the offenses. His plea was to the elements of the offenses and not to the immaterial allegations in the charging Informations. Attached to the Plea Agreement was a formulaic exhibit, signed by Mr. Erlinger, partially filled out and partially inaccurate[10], that contains a statement to the effect that Mr. Erlinger's plea constitutes an admission to the facts in the Information. The documents available to the sentencing court did not contain a factual basis for any of the pleas, nor was there a sentencing colloquy in the Record. Dkt. 105, Ex. 5.

As the *Mathis* Court recognized, "Statements of non-elemental fact in the records of prior convictions are prone to error precisely because their proof is unnecessary." *Descamps v. United States*, 570 U.S. 254, (2013). Further, "a defendant may have no incentive to contest what does not matter under the law; to the contrary, he 'may have good reason not to' – or even be precluded from doing so by the court…[a]nd during plea hearings, the defendant may not wish to

---

[10] The Exhibit leaves blank the maximum possible penalty for the offenses to which Mr. Erlinger was pleading and the Plea Agreement itself erroneously contains a reference to co-defendants.

irk the prosecutor or court by squabbling about superfluous factual allegations. In this case, for example, Descamps may have let the prosecutor's statement go by because it was irrelevant to the proceedings. He likely was not thinking about the possibility that his silence could come back to haunt him in an ACCA sentencing 30 years in the future." 270-271.

Here, Mr. Erlinger proceeded with a Plea Agreement which consolidated four separate burglaries and likely provided him with a sentencing incentive. The Plea Agreement and the accompanying Exhibit A, despite inaccuracy and omission, was accepted by the sentencing court. Mr. Erlinger would have had no reason and, likely, no opportunity to interject corrections to the non-elemental facts in the Informations to which he pled. Like Mathis, he likely was not thinking about the possibility that his silence could come back to haunt him in an ACCA sentencing 30 years in the future.

In *Wooden v. United States*, Justice Gorsuch noted that issues such as the location and timing of various offenses are frequently ambiguous and leave the lower courts with the question as to how to parse out these factual issues without running afoul of the Sixth Amendment. Recognizing that these issues are likely to surface again in the future, he urged reliance on the rule of lenity "to resolve those doubts in favor of liberty". Concurring Opinion at 13-15.

## III.  The District Court Erred in Holding that Indiana's Burglary Statute Substantially Corresponds to a Generic Burglary and the Seventh Circuit Should Revisit and Overrule its Decision to that Effect in *United States v. Perry.*

Indiana's definition of "burglary" does not control the word's meaning under 18 U.S.C. §924(e). "Burglary" as used in § 924(e) must have some uniform definition

independent of the labels used by the various States' criminal codes. *United States v. Nardello*, 393 U.S. 286, 293-294 (1969); *Taylor v. United States*, 495 U.S. 575, 576 (1990). The *Taylor* Court held that "an offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." 495 U.S. at 602. In some instances the Court may need to look behind the statutory definition if the definition is overly broad or the statute has been interpreted so as to encompass more than the generic burglary. Erlinger contends that Indiana's 1991-1992 burglary statute presents such an instance.

Erlinger asserts that Indiana's former burglary statute is overly broad in that it interprets the statutory "building or structure" to include boats, cars and even tents – all excluded from the generic definition in the U.S. Supreme Court's 2016 decision in *Mathis v. United States*, 136 S. Ct. 2243 - and because established Indiana precedent permits a burglary conviction upon proof of breaking into a fenced in area which does not constitute a "structure" as the latter would commonly be understood. *McCovens v. State*, 539 N.E.2d 26 (Ind. Ct. App. 1989) (fence surrounding business considered to be a "structure"); *Gray v State*, 797 N.E.2d 333 (Ind. Ct. App 2003) (fence does not need to adjoin a building or completely surround a business in order to be a structure); *Joy v State*, 460 N.E. 2d 551 (Ind. Ct. App. 1984) (fence surrounding lumber company is a structure).

I.C. 35-43-2-1 lists alternative means for commission of the crime of burglary – as opposed to alternative elements – and, therefore, the categorical approach applies in determining whether a specific conviction under I.C. 35-43-2-1 qualifies as a predicate offense for purposes of the ACCA. The government submitted no records with respect to Erlinger's 1991 burglaries sufficient to enable the Court to determine whether the burglaries consist of entering into structures through an unlocked door during regular business hours (not a burglary under *Wilburn v. State*, 2021 WL 4258828 at *6 (Ind. Ct. App. 2021), trespassing into a partially fenced in or partially enclosed common area surrounding the building (not a burglary even under Indiana law) or committing a generic burglary by breaking into a building or residence proper during nonbusiness hours.

Mr. Erlinger acknowledges the adverse Opinions of the Seventh Circuit in *United States v. Perry*, 862 F.3d 620 (7th Cir. 2017) (class C burglary qualifies as an ACCA predicate) and *United States v. Foster*, 877 F.3d 343 (7thCir. 2017) (class B burglary qualifies as an ACCA predicate) and urges the Court to find that Indiana's burglary statute as it existed in 1991 and 1992 swept more broadly than a generic burglary and, therefore, the Court's prior decisions to the contrary are in error and convictions obtained under Indiana's burglary statutes should not be included as predicate offenses for an ACCA enhancement.

**Conclusion.**

For any and all of the preceding reasons, this Court should vacate Mr.

Erlinger's sentence and remand the case to the district court for resentencing

without the enhancement provided by the Armed Career Criminal Act.

Respectfully Submitted,

Date:  August 4, 2022                    /s/ Jessie A. Cook
                                         Jessie A. Cook, #3715-84
                                         Attorney at Law
                                         1512 North Delaware Street
                                         Indianapolis, IN 46202
                                         (812)232-4634 Office
                                         (812) 239-4575 Alternate telephone
                                         jessieacook@icloud.com

**CERTIFICATE OF COMPLIANCE**
**With FRAP Rule 32(a)(7), FRAP Rule 32(g) and CR 32(c)**

The undersigned, counsel of record for the Defendant-Appellant, Paul

Erlinger, furnishes the following in compliance with F.R.A.P Rule 32(a)(7):

I hereby certify that this brief conforms to the rules contained in F.R.A.P Rule

32(a)(7) for a brief produced with a proportionally spaced font. The length of this

brief is less than 30 pages/ 6,397 words exclusive of the Table of Contents and Table

of Authorities.

Dated: August 4, 2022

/s/ Jessie A. Cook
Jessie A. Cook, #3715-84
Attorney at Law
1512 North Delaware Street
Indianapolis, IN 46202
(812)232-4634 Office
(812) 239-4575 Alternate telephone
jessieacook@icloud.com

No. 22-1926

_____

United States Court of Appeals
for the Seventh Circuit

_____

United States of America,
Plaintiff-Appellee,

vs.

Paul Erlinger,
Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Indiana
Terre Haute Division
Case No. 2:18-cr-00013
The Honorable Judge Jane Magnus-Stinson
_____

Required Short Appendix of
Defendant-Appellant Paul Erlinger
_____

Jessie A. Cook
Law Office of Jessie A. Cook

1512 N. Delaware Street
Indianapolis, IN 46202
Telephone:     812-232-46345
Alt. Telephone: 812-239-4575
Email: jessieacook@icloud.com

Attorney for Paul Erlinger

_____

**Oral Argument Requested**

_____

## CERTIFICATE OF COMPLIANCE
### With Circuit Rule 30(d)

The undersigned, counsel of record for the Defendant-Appellant, Paul Erlinger,

furnishes the following in compliance with Circuit Rule 30(d):

I hereby certify that the Appendix filed herein contains all necessary documents in

compliance with Circuit Rule 30(a) and (b).

Dated: August 4, 2022

/s/ Jessie A. Cook
Jessie A. Cook, #3715-84
Attorney at Law
1512 North Delaware Street
Indianapolis, IN 46202
(812)232-4634 Office
(812) 239-4575 Alternate telephone
jessieacook@icloud.com

## Appendix Table of Contents

Certificate of Compliance with Circuit Rule 30(d)……………………………i

2018 U.S.D.C. Information………………………………………………1

Plea Petition……………………………………………………………6

2018 Judgment…………………………………………………………11

2021 Order Vacating 2018 Judgment…………………………………19

2022 Judgment…………………………………………………………25

Excerpts from 2022 Sentencing Transcript (Judge's Comments)…………33

1991 Indiana state court Charging Informations, Plea Agreement and
    Judgment for felony Burglaries……………………………………43

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:18-cr-*13 - JMS - cmm* |
| | ) | |
| PAUL ERLINGER, | ) | |
| | ) | |
| Defendant. | ) | |

**INFORMATION**

[18 U.S.C. § 922(g)(1)- Felon in Possession of a Firearm]

*FILED*
*APR 2 0 2018*
*U.S. CLERK'S OFFICE*
*EVANSVILLE, INDIANA*

The United States Attorney charges that:

On or about September 12, 2017, in Knox County, in the Southern District of Indiana,

PAUL ERLINGER, defendant herein, did knowingly possess in commerce and affecting

commerce a firearm, to wit:  one Bushmaster .223 rifle bearing serial number BK1800665, after

having been convicted of one or more crimes punishable by a term of imprisonment exceeding

one (1) year, to wit: a felony Dealing in Cocaine in Pike County, Indiana under cause number

63C01-0303-FA-111 on or about June 27, 2005; a felony Burglary in Dubois County, Indiana

under cause number 19C01-9109-CF-105 on December 11, 1992; and a felony Burglary in

Dubois County, Indiana under cause number 19C01-9109-CF-106 on December 11, 1992.

All of which is in violation of Title 18, United States Code, Sections 922(g)(1) and
924(e).

**FORFEITURE**

1.      Pursuant to Federal Rule of Criminal Procedure 32.2, the United States hereby

gives the defendant notice that the United States will seek forfeiture of property, criminally

and/or civilly, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), as part of any sentence imposed.

2.      Pursuant to Title 18, United States Code, Section 924(d), if convicted of the offense set forth in this Information, the defendant shall forfeit to the United States "any firearm or ammunition involved in or used in" the offense.

3.      The property subject to forfeiture includes, but is not necessarily limited to:

    A.  One Bushmaster .223 rifle bearing serial number BK1800665;

    B.  One Mossberg 12 gauge shotgun, model 835 multi-mag, bearing serial number UM822687;

    C.  One Savage .223 caliber rifle, model Axis, bearing serial number H836270;

    D.  One Smith & Wesson 9mm handgun, model M&P 9 Shield, bearing serial number HLH4529;

    E.  One Rossi (Brazil) .38 Special revolver, model M951, bearing serial number ZA29085;

    F.  One Taurus (Brazil) 9mm pistol, model PT92C, bearing serial number TJJ07097;

    G.  One Smith & Wesson 40 caliber handgun, model SD40VE, bearing serial number FXC8228;

    H.  One Ruger 7mm rifle, model M77 Mark II, bearing serial number 784-90336;

    I.  One Remington .243 caliber rifle, model 770, bearing serial number M71657676;

J.   One Ruger .22 caliber rifle, model 22, bearing serial number 253-74559;

K.   One Smith & Wesson .223 caliber rifle, model M&P-15, bearing serial number 12597;

L.   One Savage 30-06 caliber rifle, model 110, bearing serial number H816766;

M.   One Savage .308 caliber rifle, model 12F/TR, bearing serial number G812974;

N.   One DPMS multi caliber rifle, model A15, bearing serial number FFA010279;

O.   One Smith & Wesson .308 caliber rifle, model M&P-10, bearing serial number KN08209;

P.   One Safety Harbor Firearms (SHF) 50 BMG caliber rifle, model SHF/R50, bearing serial number 0226;

Q.   One Savage .338 caliber rifle, model 110, bearing serial number H342434;

R.   One American Tactical Imports (ATI) .556 caliber rifle, model Omni Hybrid, bearing serial number NS028657;

S.   One ARMSCOR .22 caliber rifle, model AK22, bearing serial number RIA1544250;

T.   One Taurus .22 caliber rifle, model Rossi S121280RS (M12/22), bearing serial number SP681003; and

U.   All ammunition found with the firearms.

4.      The United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section

2461(c), if any of the property described above in paragraph 3, as a result of any act or omission of the defendant:

    A.    cannot be located upon the exercise of due diligence;

    B.    has been transferred or sold to, or deposited with, a third party;

    C.    has been placed beyond the jurisdiction of the court;

    D.    has been substantially diminished in value; or

    E.    has been commingled with other property which cannot be divided without difficulty.

JOSH J. MINKLER
United States Attorney

STATE OF INDIANA           )

                             )    SS:

COUNTY OF MARION       )

     Pamela S. Domash, being first duly sworn, upon his oath deposes and says that she is an Assistant United States Attorney in and for the Southern District of Indiana, that she makes this affidavit for and on behalf of the United States of America and that the allegations in the foregoing Information are true as she is informed and verily believes.

 

                               Pamela S. Domash
                               Assistant United States Attorney

     Subscribed and sworn to before me, a notary public, on this 19th day of April, 2018.

Notary Public                        LINDA L LITTY
                               Vanderburgh County
                               My Commission Expires
                               January 4, 2025

My Commission Expires:

My County of Residence:

FILED

APR 20 2018

U.S. CLERK'S OFFICE
EVANSVILLE, INDIANA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | )<br>)<br>) |
| vs. | ) No. 2:18-cr- 13 -JMS-CMM<br>) |
| PAUL ERLINGER,<br>Defendant. | )<br>)<br>) |

## PETITION TO ENTER A PLEA OF GUILTY

## REQUEST FOR PRESENTENCE
## INVESTIGATION AND REVIEW OF PRESENTENCE
## REPORT PRIOR TO ENTRY OF PLEA OF GUILTY

The above-named defendant respectfully represents to the court as follows:

1.      My full true name is Paul Lawrence Erlinger.

2.      I was born in 1972 in Princeton, Indiana. The last four digits of my Social Security number are XXX-XX- 3581. I have attended school and received a GED followed by an Associates Degree from Ball State University. I have the ability to read, write and understand the English language.

3.      I am represented by counsel and my attorney's name is Jessie A. Cook.

4.      I have received a copy of the Information before being called upon to plead.  I have read and discussed it with my attorney and believe and feel that I understand every accusation made against me in this case.

1

5.      My attorney has advised me that the punishment that the law provides as to Count 1 [Felon in Possession of a Firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(c)] is as follows:

| Count | Minimum Years of Imprisonment | Maximum Years of Imprisonment | Maximum fine for each of the counts |
|-------|-------------------------------|-------------------------------|-------------------------------------|
| 1 | 0 | 10 | $250,000[1] |

My attorney has also advised me that my sentence will fall within the minimum and maximum after a determination of the applicable Sentencing Guidelines. In addition, I understand that the Court may impose a term of supervised release of up to three years upon completion of my executed sentence.

My attorney has also advised me that (1) if found to have violated 18 U.S.C. 922(g)(1) and (2) if the statutory enhancements of the Armed Career Criminal Act [Title 18, United States Code, Section 924(e)(1)] apply, a mandatory minimum sentence of not less than fifteen years and not more than Life, will be imposed and that such sentence is nonsuspendible.

7.      I understand that I will have to pay a Special Assessment of $100.00 for each felony count and $50.00 for each misdemeanor count to which I have plead guilty pursuant to Title 18, United States Code, Section 3013.

8.      I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

---

[1] 18 U.S.C. § 3571

2

9.      I understand that I may if I so choose, plead "Not Guilty" to any offense charged against me, and that if I so choose to plead "Not Guilty" the Constitution guarantees me: (a) the right to a speedy and public trial by jury in the District in which I am charged; (b) the right to be considered for release until my trial occurs; (c) the right to see and hear all the witnesses against me at my trial; (d) the right to use the power and the process of the Court to compel the production of any evidence, including the attendance of any witnesses in my favor, at my trial; (e) the right to the assistance of counsel at every stage of the proceedings, including an appeal if need be; and (f) that in the event that I should be found guilty of the charge against me, I would have a right to appeal my conviction on such charge to a higher court.

10.     I understand also, that if I plead "Guilty", the Court may impose the same punishment as if I had plead "Not Guilty", had stood trial and been convicted by a jury.

11.     I declare that no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty".

12.     I believe and feel that my attorney has done all that anyone could do to counsel and assist me and that I now understand the proceedings in this case against me.

13.     I know the Court will not accept a plea of "Guilty" from anyone who claims to be innocent and, with that in mind and because I make no claim of innocence, I wish to plead "Guilty", and respectfully request the Court to accept my plea as follows: "Guilty" as charged to the single Count in the Information.

3

14.    I declare that I offer my plea of "Guilty" freely, voluntarily and of my own accord; also that my attorney has explained to me, and I believe and feel I understand, the statements set forth in the Information and in this petition, and in the "Certificate of Counsel" which is attached to this petition.

15.    I request and consent to a presentence investigation by the probation officers of the United States district courts to be commenced at this time and prior to the entry of my formal plea of guilty.  I further request and consent to the review of my presentence report by a Judge, by my attorney and myself and by the government at any time, including the time prior to entry of a formal plea of guilty.

Signed by me in the presence of my attorney this 16 day of April , 2018.

Paul Erlinger

4

9

# CERTIFICATE OF COUNSEL

The undersigned, as attorney and counselor for the defendant, hereby certifies as follows:

1.      I have read and fully explained to the defendant all the accusations against the defendant which are set forth in the Information and, earlier, in the Criminal Complaint in this case;

2.      To the best of my knowledge and belief each statement set forth in the foregoing petition is in all respects accurate and true;

3.      The plea of "Guilty" as offered by the defendant in paragraph 13 of the foregoing petition accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

4.      In my opinion, the plea of "Guilty" as offered by the defendant in paragraph 13 of the foregoing petition is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in paragraph 13 of the foregoing petition.

Signed by me in the presence of the above-named defendant this _16th_ day of _April_, 2018.

Jessie A. Cook,
Attorney for the Defendant

Jessie A. Cook, #3715-84
Attorney at Law
400 Wabash Avenue, Suite 212
Terre Haute, IN 47807
812-232-4634  Telephone
812-235-0292  FAX
jessieacook@icloud.com

Case 2:18-cr-00013-JMS-CMM   Document 51   Filed 10/26/18   Page 1 of 8 PageID #: 166
Case: 22-1926        Document: 6        Filed: 08/04/2022        Pages: 83
AO 245B(Rev. 02/16) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
Southern District of Indiana

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | |
| | Case Number: 2:18CR00013-001 |
| | USM Number: 15961-028 |
| PAUL ERLINGER | Jessie A. Cook |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1

☐ pleaded nolo contendere to count(s)  which was accepted by the court.

☐ was found guilty on count(s)  after a plea of not guilty

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18§922(g)(1) | Felon in Possession of a Firearm | 09/12/2017 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)  dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

October 24, 2018
Date of Imposition of Sentence:

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

A CERTIFIED TRUE COPY
Laura A. Briggs, Clerk
U.S. District Court
Southern District of Indiana

By
Deputy Clerk

Date: 10/26/2018

AO245B(Rev 02/16) Judgment in a Criminal Case                                    Judgment Page 2 of 8

DEFENDANT: Paul Erlinger
CASE NUMBER: 2:18CR00013-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **180 months.**

☒ The Court makes the following recommendations to the Bureau of Prisons:
**Placement in Greenville or Pekin, IL; participation in RDAP or another substance abuse treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant was delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

BY: _____
DEPUTY UNITED STATES MARSHAL

AO245B(Rev 02/16) Judgment in a Criminal Case                                    Judgment Page 3 of 8

DEFENDANT: Paul Erlinger
CASE NUMBER: 2:18CR00013-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **1 year.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location       where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the conditions listed below.

## CONDITIONS OF SUPERVISION

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

AO245B(Rev 02/16) Judgment in a Criminal Case                                                    Judgment Page 4 of 8

DEFENDANT: Paul Erlinger
CASE NUMBER: 2:18CR00013-001

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

12. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

13. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

14. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

15. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

16. You shall not use or possess alcohol.

17. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

18. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary.  You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches.

19. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay: substance abuse treatment and substance abuse testing. The probation officer shall determine your ability to pay and any schedule of payment.

I understand that I and/or the probation officer may petition the Court to modify these conditions, and the final decision to modify these terms lies with the Court.  If I believe these conditions are being enforced unreasonably, I may petition the Court for relief or clarification; however, I must comply with the directions of my probation officer unless or until the Court directs otherwise.  Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the condition of supervision.

AO245B(Rev 02/16) Judgment in a Criminal Case                                          Judgment Page 5 of 8

DEFENDANT: Paul Erlinger
CASE NUMBER: 2:18CR00013-001

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____          _____
Defendant                                         Date

_____          _____
U.S. Probation Officer/Designated Witness         Date

AO245B(Rev 02/16) Judgment in a Criminal Case                                                    Judgment Page 6 of 8

DEFENDANT: Paul Erlinger
CASE NUMBER: 2:18CR00013-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

|  | Assessment | JVTA Assessment[1] | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $100.00 | | | |

☐ The determination of restitution is deferred until .  An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss[2] | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| **TOTALS** | | | |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

[1] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

[2] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO245B(Rev 02/16) Judgment in a Criminal Case                                    Judgment Page 7 of 8

DEFENDANT: Paul Erlinger
CASE NUMBER: 2:18CR00013-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due
        ☐     not later than _____, or
        ☐     in accordance with        ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☒  Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ F or ☐ G below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  If this case involves other defendants, each may be held jointly and severally liable for payment of all or part of the restitution ordered herein and the Court may order such payment in the future.  The victims' recovery is limited to the amount of loss, and the defendant's liability for restitution ceases if and when the victims receive full restitution.

G  ☐  Special instructions regarding the payment of criminal monetary penalties:



Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐     Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.



☐     The defendant shall pay the cost of prosecution.

☐     The defendant shall pay the following court cost(s): _____

☒     The defendant shall forfeit the defendant's interest in the following property to the United States:

       **See Page 8 for list of forfeitures.**

Case 2:18-cr-00013-JMS-CMM   Document 51   Filed 10/26/18   Page 8 of 8 PageID #: 173
Case: 22-1926   Document: 6   Filed: 08/04/2022   Pages: 83
AO245B(Rev 02/16) Judgment in a Criminal Case                                                    Judgment Page 8 of 8

DEFENDANT: Paul Erlinger
CASE NUMBER: 2:18CR00013-001

## FORFEITURES

1.  A Bushmaster .223 rifle, bearing serial number BK1800665;

2.  A Mossberg 12-gauge shotgun, model 835 multi-mag, bearing serial number UM822687;

3.  A Savage .223 caliber rifle, model Axis, bearing serial number H836270;

4.  A Smith & Wesson 9mm handgun, model M&P 9 Shield, bearing serial number HLH4529;

5.  A Rossi (Brazil) .38 Special revolver, model M951, bearing serial number ZA29085;

6.  A Taurus (Brazil) 9mm pistol, model PT92C, bearing serial number TJJ07097;

7.  A Smith & Wesson .40-caliber handgun, model SD40VE, bearing serial number FXC8228;

8.  A Ruger 7mm rifle, model M77 Mark II, bearing serial number 784-90336;

9.  A Remington .243 caliber rifle, model 770, bearing serial number M71657676;

10. A Ruger .22 caliber rifle, model 22, bearing serial number 253-74559;

11. A Smith & Wesson .223 caliber rifle, model M&P-15, bearing serial number 12597;

12. A Savage 30-06 caliber rifle, model 110, bearing serial number H816766;

13. A Savage .308 caliber rifle, model 12F/TR, bearing serial number G812974;

14.  A DPMS multi caliber rifle, model A15, bearing serial number FFA010279;

15. A Smith & Wesson .308 caliber rifle, model M&P-10, bearing serial number KN08209;

16. A Safety Harbor Firearms (SHF) 50 BMG caliber rifle, model SHF/R50, bearing serial number 0226;

17. A Savage .338 caliber rifle, model 110, bearing serial number H342434;

18. An American Tactical Imports (ATI) .556 caliber rifle, model Omni Hybrid, bearing serial number NS028657;

19. An ARMSCOR .22 caliber rifle, model AK22, bearing serial number RIA1544250;

20. A Bushmaster .223 caliber rifle, model XM15-E2S, bearing serial number BK1800665;

21.  A Taurus .22 caliber rifle, model Rossi S121280RS (M12/22), bearing serial number SP681003; and

22. All ammunition.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| PAUL ERLINGER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00518-JMS-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Granting Motion for Relief Pursuant to 28 U.S.C. § 2255**

Paul Erlinger pleaded guilty in this Court to being a felon in possession of a firearm and

his sentence was enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).

Erlinger now challenges his sentence under 28 U.S.C. § 2255. For the reasons explained below,

Erlinger's § 2255 motion is **granted** and Mr. Erlinger is entitled to resentencing.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal

prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343

(1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon

the ground that the sentence was imposed in violation of the Constitution or laws of the United

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.

§ 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error

of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which

results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th

Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

On April 20, 2018, Erlinger was charged with being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *United States v. Erlinger*, 2:18-cr-13-JMS-CMM-1 ("Crim. Dkt.") Dkt. 23. He petitioned the Court to plead guilty that same day. Crim. Dkt. 29.

At the plea and sentencing hearing, the Court found Erlinger to be an armed career criminal based on his 1991 conviction for Illinois residential burglary, his 1991 Pike County Indiana conviction for burglary, his 2003 Pike County Indiana conviction for dealing in methamphetamine, and his 2003 Pike County Indiana conviction for dealing in a schedule II controlled substance. Crim. Dkt. 67 p. 17-18 (referring to PSR ¶¶ 35, 43, 45, and 46).[1] The Court accepted Erlinger's plea and sentenced him to 180 month's imprisonment. Crim. Dkt. 51.

Erlinger did not appeal and then filed this motion for relief pursuant to 28 U.S.C. § 2255.

## III. Discussion

Erlinger seeks relief from his conviction and sentence arguing that he was denied due process and that his counsel failed to object to the use of his Pike County Indiana burglary conviction and his methamphetamine convictions in finding him to be an armed career criminal. Erlinger also challenges the seizure of his property.

### A. Due Process

First, Erlinger argues that the government violated his due process rights by failing to file notice of his ACCA predicates and by presenting incorrect information. "Due process requires that

---

[1] While the PSR identified other prior convictions that might support the enhancement, the Court did not rely on those. *Id.*

a defendant receive reasonable notice and an opportunity to be heard regarding a sentence increase for recidivism." *United States v. Hardy*, 52 F.3d 147, 150 (7th Cir. 1995) (citation omitted). And the ACCA does not "require that any notice be given a defendant subject to an increased sentence as an armed career criminal." *Id*. The charging information here indicated that Erlinger had prior felony convictions that made him eligible for a sentencing enhancement under the ACCA. Crim. Dkt. 23 p. 1. In addition, Erlinger's counsel submitted a sentencing memorandum challenging the convictions identified in the PSR as prior convictions supporting enhancement. Crim. Dkt. 49 p. 10. This was enough to provide him notice of the potential for an increased sentence. *See Hardy*, 52 F.3d at 150 (notice to defendant during plea negotiations of the prior convictions that would be used to support sentence enhancement was sufficient to satisfy due process). And, while Erlinger contends the government provided incorrect information, he has not identified how the information was wrong. He therefore has not shown that his due process rights were violated.

## B. ACCA Enhancement

Erlinger next argues that his counsel was ineffective for failing to object to the use of his Pike County Indiana burglary conviction to support the enhancement of his sentence under the ACCA. He also challenges the use of his conviction for dealing in a controlled substance to support the enhancement of his sentence under the ACCA.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011).

Erlinger argues that counsel failed to challenge the use of his Pike County burglary conviction as a violent felony under the ACCA. The ACCA provides that a defendant, like

Erlinger, who violates 18 U.S.C. § 922(g) and has three prior convictions for a violent felony or serious drug offense is subject to a mandatory minimum fifteen-year sentence. Under the "categorical" approach discussed in *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016), "[i]f the elements of the crime of conviction are broader than the elements of the generic version of the offense—that is, if the crime of conviction criminalizes more behavior—then ACCA does not apply." *United States v. Anderson*, 766 F. App'x 377, 380 (7th Cir. 2019) (citing *Mathis*, 136 S.Ct. at 2248). But the Seventh Circuit has held that "Indiana burglary convictions [a]re valid predicate offenses under § 924(e)(2)(B)(ii)." *United States v. Perry*, 862 F.3d 620, 624 (7th Cir. 2017); *United States v. Foster*, 877 F.3d 343 (7th Cir. 2017). Thus, Erlinger's Pike County burglary conviction is a violent felony under the ACCA.

Erlinger also argues that his "attempted possession" conviction does not qualify as a "serious drug offense" in light of *Mathis*. But the Court did not rely on an "attempted possession" conviction in finding Erlinger to be an armed career criminal. The Court did rely on two 2003 Pike County Indiana conviction for dealing in methamphetamine. The United States argues that those convictions remain valid ACCA predicates. But the Seventh Circuit held in *United States v. De La Torre*, 940 F.3d 938, 952 (7th Cir. 2019) that under its plain language, the Indiana statute sweeps broader than the federal definition of methamphetamine and therefore an Indiana convictions for dealing methamphetamine do not qualify as a serious drug offense under the ACCA.

The United States argues that the other convictions identified in the PSR as ACCA predicates are sufficient to support the sentence enhancement even without consideration of the methamphetamine convictions. But, while the Court relied on Erlinger's 1991 Illinois residential burglary conviction, the Seventh Circuit has since held that Illinois residential burglary does not qualify as a violent felony under the ACCA. *See United States v. Glispie*, 978 F.3d 502 (7th Cir.

2020). Further, while Erlinger has several convictions for burglary in Dubois County, Indiana, the Court expresslydid not rely on those convictions when it imposed the ACCA enhancement. At Erlinger's resentencing, the parties may present evidence and argument regarding whether those convictions are valid ACCA predicates and whether the Court should rely on them when it had not done so at his original sentencing hearing.

### C. Seizure of Property

Finally, Erlinger claims that his counsel failed to move for return of jewelry that he asserts law enforcement officials seized. The United States argues that no jewelry or money was seized. In reply, Erlinger states that he is "dropping" this claim. Dkt. 18 p. 6. Accordingly, this claim is considered to be withdrawn.

### IV.  Conclusion

For the reasons explained in this Order, Erlinger is entitled to relief on his § 2255 motion. Accordingly, his motion for relief pursuant to § 2255 is **granted** to the extent that the Judgment entered in the criminal case on October 26, 2018, is **vacated** subject to resentencing. Erlinger shall remain in custody pending resentencing. Judgment consistent with this Order shall now issue and the Clerk shall **docket a copy of this Order in No. 2:18-cr-13-JMS-CMM-1.**  The motion to vacate (Crim. Dkt. 54) shall also be **terminated** in the underlying criminal action. Further orders concerning appointment of counsel and scheduling a case status will be docketed in the criminal case.

**IT IS SO ORDERED.**

Date: 7/12/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

5

Distribution:

PAUL ERLINGER
15961-028
ASHLAND - FCI
ASHLAND FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6001
ASHLAND, KY 41105

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
pamela.domash@usdoj.gov

6

Case 2:18-cr-00013... Document 8... Filed 05/17/2022... Page... Pages: 83

# UNITED STATES DISTRICT COURT

Southern District of Indiana

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 2:18CR00013-001<br>USM Number: 15961-028 |
| PAUL ERLINGER | Jessie A. Cook |
| **Date of Original Judgment: 10/24/2018**<br>**(Or Date of Last Amended Judgment)** | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1

☐ pleaded nolo contendere to count(s)_ which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty

The defendant is adjudicated guilty of these offense(s):

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18§922(g)(1) | Felon in Possession of a Firearm | 09/12/2017 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) dismissed on the motion of the United States.

    **IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

May 16, 2022
Date of Imposition of Sentence:

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**A CERTIFIED TRUE COPY**
Roger A.G. Sharpe, Clerk
U.S. District Court
Southern District of Indiana
BY _____
Deputy Clerk

Date: 5/17/2022

Case 2:18-cr-00013-DLB Document 9 filed 08/04/2022 Page 2 of 8

DEFENDANT: Paul Erlinger
CASE NUMBER: 2:18CR00013-001

## IMPRISONMENT*

       The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **180 months.**

☒ The Court makes the following recommendations to the Bureau of Prisons:
       **Continue incarceration at FCI-Ashland.***

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

       ☐ at

       ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

       ☐ before 2 p.m. on

       ☐ as notified by the United States Marshal.

       ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


       Defendant was delivered on _____ to _____
at _____, with a certified copy of this judgment.


                        _____
                              UNITED STATES MARSHAL

                  BY: _____
                              DEPUTY UNITED STATES MARSHAL

Case 2:18-cr-00013 Document 5 Filed 08/04/2022 Page 33

DEFENDANT: Paul Erlinger
CASE NUMBER: 2:18CR00013-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **1 year.**

## MANDATORY CONDITIONS

1. You shall not commit another federal, state, or local crime.
2. You shall not unlawfully possess a controlled substance.
3. You shall refrain from any unlawful use of a controlled substance. You shall submit to one drug test within 15 days of release from imprisonment and at least two periodic least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You shall make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You shall cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location     where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You shall participate in an approved program for domestic violence. *(check if applicable)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the conditions listed below.

## CONDITIONS OF SUPERVISION*

1. You shall report to the probation office in the federal judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the federal judicial district where you are being supervised without the permission of the supervising court/probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

Case ... identified with an asterisk denote a date

DEFENDANT: Paul Erlinger
CASE NUMBER: 2:18CR00013-001

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

12. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

13. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

14. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

16. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

17. You shall not use or possess alcohol.

18. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

I understand that I and/or the probation officer may petition the Court to modify these conditions, and the final decision to modify these terms lies with the Court. If I believe these conditions are being enforced unreasonably, I may petition the Court for relief or clarification; however, I shall comply with the directions of my probation officer unless or until the Court directs otherwise. Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the condition of supervision.

DEFENDANT: Paul Erlinger
CASE NUMBER: 2:18CR00013-001

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____     _____
Defendant                                                   Date

_____     _____
U.S. Probation Officer/Designated Witness          Date

DEFENDANT: Paul Erlinger
CASE NUMBER: 2:18CR00013-001

## CRIMINAL MONETARY PENALTIES*

      The defendant must pay the total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| | Assessment* | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 (Satisfied) | | | | |

☐ The determination of restitution is deferred until .  An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

      If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| **Totals** | | | |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the ☐ fine ☐ restitution

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case Document 5 Filed identified with an asterisk dered on/entered 08/04/2022 Page 65 of 83

DEFENDANT: Paul Erlinger
CASE NUMBER: 2:18CR00013-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due
      ☐ not later than _____, or
      ☐ in accordance with     ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ F or ☐ G below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ If this case involves other defendants, each may be held jointly and severally liable for payment of all or part of the restitution ordered herein and the Court may order such payment in the future. The victims' recovery is limited to the amount of loss, and the defendant's liability for restitution ceases if and when the victims receive full restitution.

G ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Defendant and Co-Defendant Names and Case Numbers *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee |
|---|---|---|---|
|  |  |  |  |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s): _____

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

**See Page 8 for list of forfeitures.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT: Paul Erlinger
CASE NUMBER: 2:18CR00013-001

# FORFEITURES

1.  A Bushmaster .223 rifle, bearing serial number BK1800665;

2.  A Mossberg 12-gauge shotgun, model 835 multi-mag, bearing serial number UM822687;

3.  A Savage .223 caliber rifle, model Axis, bearing serial number H836270;

4.  A Smith & Wesson 9mm handgun, model M&P 9 Shield, bearing serial number HLH4529;

5.  A Rossi (Brazil) .38 Special revolver, model M951, bearing serial number ZA29085;

6.  A Taurus (Brazil) 9mm pistol, model PT92C, bearing serial number TJJ07097;

7.  A Smith & Wesson .40-caliber handgun, model SD40VE, bearing serial number FXC8228;

8.  A Ruger 7mm rifle, model M77 Mark II, bearing serial number 784-90336;

9.  A Remington .243 caliber rifle, model 770, bearing serial number M71657676;

10. A Ruger .22 caliber rifle, model 22, bearing serial number 253-74559;

11. A Smith & Wesson .223 caliber rifle, model M&P-15, bearing serial number 12597;

12. A Savage 30-06 caliber rifle, model 110, bearing serial number H816766;

13. A Savage .308 caliber rifle, model 12F/TR, bearing serial number G812974;

14. A DPMS multi caliber rifle, model A15, bearing serial number FFA010279;

15. A Smith & Wesson .308 caliber rifle, model M&P-10, bearing serial number KN08209;

16. A Safety Harbor Firearms (SHF) 50 BMG caliber rifle, model SHF/R50, bearing serial number 0226;

17. A Savage .338 caliber rifle, model 110, bearing serial number H342434;

18. An American Tactical Imports (ATI) .556 caliber rifle, model Omni Hybrid, bearing serial number NS028657;

19. An ARMSCOR .22 caliber rifle, model AK22, bearing serial number RIA1544250;

20. A Bushmaster .223 caliber rifle, model XM15-E2S, bearing serial number BK1800665;

21. A Taurus .22 caliber rifle, model Rossi S121280RS (M12/22), bearing serial number SP681003; and

22. All ammunition.

1  a form, and it is obviously a boilerplate form because it

2  provides that he should cooperate in providing information and

3  testifying against all codefendants.  There are no codefendants

4  in these cases.  If we look at the advice of rights on Exhibit

5  A, the last page of Exhibit A, we have the Defendant being

6  informed that the maximum possible sentence is blank, and the

7  minimum sentence is blank.  He has been informed that if there

8  is a plea agreement, which is what this exhibit is attached to.

9  So you know, a Defendant signing a boilerplate form

10 that contains no specifics whatsoever with no written factual

11 basis signed by the Defendant is not a sufficient, wouldn't be

12 a sufficient *Shepard* document if the Court could rely on the

13 *Shepard* document.  So it, it is our position that any fact

14 finding flies in the face of what the Supreme Court has very

15 clearly said in all of the *Shepard* progeny.

16 THE COURT:  Thank you.  Here are the issues as I see

17 them.  I would say this.  I think it is pretty clear to me that

18 *Shepard* would allow me to look at the locations of the crimes

19 because those are essential to determining the elements.  What

20 type of structure was burglarized is an elemental issue, so

21 there is that.  So the one issue that is in play in terms of

22 fact finding, in my view, is the date.

23 I note in each of the *Shepard* documents that the

24 Government considered or submitted, it does not say on or

25 about.  It says on the exact date.  So what we have, as the

Government noted, were four locations on three different dates:
The first two — so let me say this, too.  I believe that
*Kirkland*, to the extent it permits me to look at the charging
documents as a *Shepard* document, I also have to take into
account long-standing precedent that when a defendant pleads
guilty he admits the information.  So, or at least that is what
I am relying on.  I think you have to include the ACCA finding
in this case because I don't think reviewing the charging
informations — I am not going to consider the Google maps.  I
agree with you, that goes afoul of the limited authority I have
right now.

I would note in *Wooden* the Supreme Court made its own
finding that there were separate occasions and reversed the
ACCA determination in that case.  I do think it is authority
proposition the way *Wooden* sets things up, and maybe we will,
as we had to do after *Apprendi* in state court, we had to have
separate trials on certain sentencing enhancements until the
Indiana General Assembly changed Indiana Code.

So I don't believe the Government is asking for more
than what the law currently allows in terms of judicial fact
finding, which is to say the Court can look at the charging
document to say, to find that on April 4th, Mr. Erlinger
burglarized Mazzio's.  That on April 8th, he burglarized The
Great Outdoors.  Those are separated in time by three days,
which the Court indicates there is no possible way could be the

1    same occasion.

2          And then, on April 11th, pick your restaurant, pick

3    your location but either one.  I won't count both, but I will

4    certainly count one.  I will count the Schnitzelbank just

5    because I like the name of it better, but the Schnitzelbank,

6    that is separated in time from April 8th by an additional two

7    days.  And what I believe different occasions means is, does,

8    as the Circuit has said, and I think this is consistent with

9    *Wooden*.

10         Do you have an opportunity to stop, and in this

11   particular case, and as we look at the, the purpose behind the

12   ACCA law to stop recidivists, I know as he sits here today, Mr.

13   Erlinger doesn't appear to be the dangerous recidivist that

14   ACCA might want to punish.  And I wish Congress would, as the

15   Indiana General Assembly used to do or maybe it still does for

16   the habitual offender enhancement, require a conviction between

17   the commission of each of the crimes to make it clear about the

18   timing.  But that is not how Congress has established the Armed

19   Career Offender enhancement.

20         So I don't believe that Mr. Erlinger's Sixth Amendment

21   rights are violated by me finding that these occurred on

22   separate occasions.  I think you have done a tremendous job

23   preserving this issue for appellate review, and I look forward

24   to further guidance from the Circuit Court of Appeals about

25   what type of information, whether it considers *Kirkland* still

1  good law.  I am finding that it hasn't told me otherwise, so it

2  is in terms of my ability to look at the charging documents.

3      I don't think the plea agreement adds anything in this

4  case because the facts of the conviction are established, and

5  so I am just relying on what I consider to be quintessential

6  *Shepard* documents.  And in doing so I don't think I am

7  violating Mr. Erlinger's Sixth Amendment rights.  I believe the

8  record is clearly established, and I believe that based on the

9  facts that — and they are facts.  The date of the offense is a

10  fact.  The location is a fact, but I believe it, based on his

11  guilty plea to those crimes, it is something that I can

12  consider established.

13      So I believe the Government has met its burden.  I

14  will note as editorial comment, I think it is unfortunate

15  because I think it is excessive punishment in Mr. Erlinger's

16  case.  But I do find that they have met their burden of showing

17  that he is an Armed Career Offender, and so we will overrule

18  the objection to Paragraph 23, find that his offense level is

19  33.

20      He has accepted, or that is the adjusted offense level

21  further adjusted for that enhancement, two levels of reduction

22  for acceptance of responsibility, and is the Government making

23  the motion for the third level?

24      MR. McGRATH:  Yes, Judge.

25      THE COURT:  Okay.  Then, looking at his criminal

1    history, the first crime for which — and the other thing I

2    want to point out about the unfairness of ACCA is none of those

3    convictions even count in his criminal history because it is so

4    old.  The first conviction for which points are assessed is the

5    dealing in methamphetamine conviction in Paragraph 48.

6         And then, that gives him the three points which would

7    put him in a Category 2, but there is a double whammy with the

8    Armed Career Criminal that bumps him up to a Category 4.

9         Based on his guideline range at a 34, we have to jump

10   to the Armed Career Offender statute and find that the

11   guideline range is 180 months.  Supervised release is two to

12   five years.  The fine is 30,000 to $250,000, and the special

13   assessment is $100.

14        I believe I stated at his original sentencing, I

15   thought a sentence of 60 months would be an appropriate

16   sentence in this case because I think I could find factually

17   for purposes of his earlier sentencing that many of those

18   firearms did not even belong to him, he did have constructive

19   possession of them based on where he lived at the time.

20        So there are other factors I want to just make clear

21   for the record on resentencing.  I would also note his

22   institutional adjustment has been good, and we talked about his

23   long-standing job.  So that will be the Court's guideline

24   calculation.

25        Mr. Erlinger, you have the right to make a statement,

1  fault, but I think that the minimum sentence in this case would
2  be appropriate.
3          THE COURT:  Thank you.  Mr. McGrath.
4          MR. McGRATH:  Thank you, Judge.
5          Judge, we would just request that Your Honor issue the
6  same judgment as in Docket 51.
7          THE COURT:  Thank you.
8          So Mr. Erlinger, I am — this law that you are being
9  sentenced under today gives me no discretion, and it does a
10 couple of other things that I just want to note for the record
11 that I think result in an unjust punishment for you.  And that
12 is, it enhances your offense level.  It artificially inflates
13 your guidelines, in my view.
14         I mean, technically, it is correct, but if we took
15 away any consideration of the Armed Career Offender
16 enhancement, I think your guideline range would be a 23, 26
17 minus three, and then, you would be in criminal history
18 category II, and that is where I came up with the 60 months I
19 got before.
20         But as it stands and where things are under the law,
21 it is much higher, and it is the mandatory minimum 15 years.
22 So this law that I am sentencing you under does not allow for
23 me to consider everything that you said.
24         I find it to be true.  I know you are doing — you had
25 done well.  I know you care very much about your family.  One

1   big difference between when you were originally sentenced and
2   now is the situation with your wife and your children, and if I
3   had the discretion, that would certainly be able to take that
4   into account.  As it stands now, though, with the, where we sit
5   today, and with my sentencing decision today, I can't take it
6   into account.

7          You can talk with your lawyer about other ways it
8   might be taken into account, but it can't be today.  So I am
9   compelled to impose a judgment that is consistent with what I
10  believe the law requires, although your attorney has done a
11  wonderful job preparing your appeal, and the -- I am required
12  to impose this following sentence:

13         Pursuant to the Sentencing Reform Act of 1984, it is
14  the judgment of the Court that the Defendant, Paul Erlinger, is
15  hereby committed to the custody of the Bureau of Prisons for
16  180 months.  The Court is not imposing a fine.

17         There is the same list of firearms that was forfeited
18  before in the earlier judgment are being included in this
19  judgment.  I won't go through the recitation, and as I ordered
20  before, because of your excellent rehabilitation, I am only
21  going to impose a one-year term of supervised release just to
22  ensure your transition and to make sure you're in stable
23  housing.  But I will impose the conditions that are contained
24  in your presentence report for which you waived formal reading,
25  and that is Paragraphs 104 and 105.

1    The Court is also — you probably already paid the

2 mandatory special assessment, I am sure.  We can show it

3 imposed, which I think the law requires, but then also make

4 sure there is a note that that amount has been satisfied so

5 that it appears that way in the judgment.

6    So there are, there are substantial objections to the

7 Court's judgment, I know, Ms. Cook, but they are well preserved

8 both with the arguments today and those that you raised in your

9 sentencing memoranda.  Are there any additional objections to

10 the Court's proposed sentence, or would you require any further

11 elaboration of my reasons?

12    MS. COOK:  No, Your Honor.

13    THE COURT:  Thank you.  Anything for the Government,

14 Mr. McGrath?

15    MR. McGRATH:  No, Your Honor.

16    THE COURT:  Okay.  So with that the Court will impose

17 the sentence as stated.

18    Where are you today?  Where are you located, Mr.

19 Erlinger?

20    THE DEFENDANT:  Ashland, Kentucky.

21    THE COURT:  Thank you.  The Court will recommend

22 continued placement in Ashland, Kentucky.  I just want that to

23 be in the judgment as well.

24    Sir, you can appeal your conviction if you believe

25 that your guilty plea was somehow unlawful or involuntary or if

1  there is some other fundamental problem in the proceedings that
2  was not waived by your guilty plea; do you understand?
3           THE DEFENDANT:  Yes.
4           THE COURT:  You also would have the statutory right to
5  appeal your sentence under certain circumstances.  Is there a
6  waiver?
7           MR. McGRATH:  No.
8           THE COURT:  No?  That's right.  He pled straight up.
9  Very good.
10          You have the right to appeal your sentence,
11 particularly if you believe it is contrary to law; do you
12 understand?
13          THE DEFENDANT:  Yes, ma'am.
14          THE COURT:  To begin an appeal you must file a notice
15 of appeal within 14 days of the entry of judgment.  Upon
16 request, the Clerk of Court can prepare and file a notice of
17 appeal.
18          If you cannot afford the filing fee or cannot afford
19 to pay a lawyer to appeal for you, the Court will appoint a
20 lawyer to represent you on appeal.  Do you have any questions
21 about your appellate rights or the time limit for filing a
22 notice of appeal?
23          THE DEFENDANT:  No.
24          THE COURT:  All right.  Is there anything further for
25 the Government?

1          MR. McGRATH:  No, Your Honor.

2          THE COURT:  For the Defendant?

3          MS. COOK:  No, Your Honor.  Could we just remain on

4     the video for a few minutes so I can speak to Mr. Erlinger?

5          THE COURT:  Absolutely.  I will leave, and the rest of

6     you can stay on?  Thank you, or others can get off as well to

7     leave Ms. Cook and Mr. Erlinger on.  Thank you, everyone.

8          MS. COOK:  Thank you.

9          MR. McGRATH:  Thank you, Judge.

10          (Concluded at 11:58 a.m.)

11                              – – –

12                CERTIFICATE OF COURT REPORTER

13

14          I, Jean A. Knepley, hereby certify that the

15     foregoing is a true and correct transcript from reported

16     proceedings in the above–entitled matter.

17

18

19     /S/ Jean A. Knepley                    July 7, 2022
       JEAN A. KNEPLEY, RDR/CRR/CRC/FCRR      Date
20     Official Court Reporter
       Southern District of Indiana
21     Indianapolis Division

22

23

24

25

State of Indiana, Dubois County, ss:

Dubois __Circuit__ Court,

STATE OF INDIANA

vs.

PAUL L. ERLINGER

19 _C_ 01- 9105 . CF - 105

Information for

BURGLARY

Class B Felony

IC 35-43-2-1

Comes now ___R. A. Gunselman, Jasper Police Dept.___ a competent and reputable person of said County, who, being duly sworn upon oath says that on the _____ 11th _____ day of ___April___ , 19 _91_ at Dubois County, State of Indiana, the said

PAUL L. ERLINGER did break and enter the building of the

Schnitzelbank, located at 393 Third Avenue, Jasper, Indiana,

with the intent to commit a felony therein, to-wit:  Theft,

which Burglary was committed by the said Paul L. Erlinger

while said Defendant was armed with a deadly weapon, to-wit:  a 9MM

Beretta handgun.

All of which is contrary to the form of the statute

in such cases made and provided and against the peace and

dignity of the State of Indiana.

Signed _R. A. Gunselman_

Subscribed and sworn before me this ___6th___ day of ___May___ , 19 _91_

_Wm. E. Weikert_
Prosecuting Attorney

Recorded this ___8th___ day of ___May___ , 19 _91_ .

_Donna L. Schroeder_
Clerk

43

State of Indiana, Dubois County, ss:

Dubois ___Circuit___ Court,

| | |
|---|---|
| STATE OF INDIANA | 19 C 01- 9105 - CF - 106 |
| vs. | Information for |
| PAUL L. ERLINGER | |
| | **BURGLARY** |
| | Class C Felony |
| | IC 35-43-2-1 |

Comes now ___R. A. Gunselman, Jasper Police Dept___ a competent and reputable person

of said County, who, being duly sworn upon oath says that on the ___8th___ day

of ___April___, 19 ___91___ at Dubois County, State of Indiana, the said

PAUL L. ERLINGER did break and enter the building of

The Great Outdoors, Inc., located at Southgate Shopping

Center, Jasper, Indiana, with the intent to commit a

felony therein, to-wit:  Theft.

All of which is ontrary to the form of the statute

in such cases made and provided and against the peace and

dignity of the State of Indiana.

Signed _____

Subscribed and sworn before me this ___6th___ day of ___May___, 19 ___91___

_____
Prosecuting Attorney

Recorded this ___8th___ day of ___May___, 19 ___91___.

_____
Clerk

44

State of Indiana, Dubois County, ss:

Dubois __Circuit__ Court,

| | |
|---|---|
| STATE OF INDIANA | 19 _C_ 01- _9105_ _CF_ . ~~to~~ _116_ |
| vs. | Information for |
| PAUL L. ERLINGER | |
| | **BURGLARY** |
| | Class C Felony |
| | IC 35-43-2-1 |

Comes now _R. A. Gunselman, Jasper Police Dept._ a competent and reputable person

of said County, who, being duly sworn upon oath says that on the _____ 4th _____ day

of ____ April ____, 19 _91_ at Dubois County, State of Indiana, the said

PAUL L. ERLINGER did break and enter the building of
Mazzio's Pizza, located at North Newton Street, Jasper,
Indiana, with the intent to commit a felony therein,
to-wit: Theft.

All of which is contrary to the form of the
statute in such cases made and provided and against the
peace and dignity of the State of Indiana.

Signed _R A Gunselman_

Subscribed and sworn before me this ____ 6TH ____ day of ____ May ____, 19 _91_

_Wm. E. Herbert_
Prosecuting Attorney

Recorded this ____ 8th ____ day of ____ May ____, 19 _91_.

_Donna R. Schroeder_
Clerk _rkg_

45

Clerk Dubois Circuit Court

FILED

SEP 9 1991

Donna L. Schroeder

STATE OF INDIANA )
                 )  SS:
COUNTY OF DUBOIS )

IN THE DUBOIS CIRCUIT COURT

STATE OF INDIANA )
                 )
     vs.         )     No. 19C01-9105-CF-116
                 )     No. 19C01-9105-CF-117
PAUL L. ERLINGER )     No. 19C01-9105-CF-105
                       No. 19C01-9105-CF-106

PLEA AGREEMENT

Comes now the Defendant, Paul L. Erlinger, in person
and by his attorney, Steven E. Ripstra, and the State of
Indiana by William E. Weikert, who hereby submit the following
Plea Agreement:

(1)  The Defendant states:

(a)  That he has read the attached Exhibit
"A"; that through the advice and assistance of his counsel
he understands Exhibit "A", including all aspects which
are peculiar to his case and voluntarily waives any constitutional
rights by entering into this Plea Agreement.

(b)  That he desires to enter a plea of
guilty to 19C01-9105-CF-105, Burglary, Class B Felony; 19C01-9105-CF-106,
Burglary, Class C Felony, 19C01-9105-CF-116, Burglary, Class
C Felony, and 19C01-9105-CF-117, Burglary, Class B Felony.

(2)  The State of Indiana, by its Prosecuting Attorney,
states:

(a)  That in 19C01-9105-CF-105, Burglary,
Class B Felony, the State recommends imprisonment for a
fixed term of ten (10) years, with five (5) years added
for aggravating circumstances, that is, the many serious
offenses to which this Defendant is pleading guilty; that

in 19C01-9105-CF-106, the State recommends imprisonment
for a fixed term of four (4) years, with one (1) year added
for aggravating circumstances, those circumstances being
the same as mentioned above, which five (5) year sentence
in this cause shall run concurrent with the fifteen (15)
year sentence in 19C01-9105-CF-105; that in 19C01-9105-CF-116,
Burglary, Class C Felony, the State recommends four (4)
years imprisonment plus one (1) year for the above mentioned
aggravating circumstances, which shall run concurrent with
the above sentences; and in 19C01-9105-CF-117, Burglary,
Class B Felony, the State would recommend ten (10) years
imprisonment plus five (5) years for aggravating circumstances,
all of which shall run concurrent with the above mentioned
causes, resulting in a total sentence of fifteen (15) years
to the Indiana Department of Corrections.

    (b)  That the Defendant should be responsible for
court costs herein;

    (c)  That the Defendant shall co-operate with the
State of Indiana in providing information and testifying
against all co-defendants.

    (d) That he hereby certifies that he has informed
the victims of the contents of the Plea Agreement; he has
offered the victims an opportunity to present their opinion
as to said Plea Agreement and that said victims concur with
the contents of said Agreement; and that said victims have
been notified that they may be present in Court when the
Court considers said Plea Agreement.

Paul L. Erlinger
Defendant

Steven E. Ripstra
Attorney for Defendant

William E. Weikert
Prosecuting Attorney

47

35-35-1-2.  Advising Defendant of Rights

(a)  The Court shall not accept a plea of guilty or guilty but mentally ill at the time of the crime without first determining that the defendant:

1.  Understands the nature of the charge against him;

2.  Has been informed that by his plea he waives his rights to:  A.  A public and speedy trial by jury; B.  Confront and cross-examine the witnesses against him; C.  Have compulsory process for obtaining witnesses in his favor; and, D.  Require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

3.  Has been informed that the maximum possible sentence for the crime charged in this cause is _____ and the minimum sentence for the crime charged in this cause is _____ and further has been informed of any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of the imposition of consecutive sentences; and,

4.  Has been informed that if:  A.  There is a plea agreement, and B.  The court accepts the plea, the court is bound by the terms of the plea agreement.

I hereby state that my plea of guilty in this cause, pursuant to the attached plea agreement, was voluntarily and knowingly made; was not induced by promises, force or threat; and is an admission that the facts as stated in the information to which I am pleading guilty are true and correct.

I hereby certify that I have read the above rights, have had said rights explained to me by my attorney, Steven R. Ripstra, understand how these rights apply to my particular case and hereby voluntarily and knowingly waive said constitutional rights by entering into the attached Plea Agreement.

_____
Defendant

_____
Attorney for Defendant

EXHIBIT "A"

48



**ABSTRACT OF JUDGMENT**
State Form 8486
INDIANA DEPARTMENT OF CORRECTION

INSTRUCTIONS. This form must accompany the Judgment, Pre-Sentence Report, and all other documents required by law, upon the commitment of the adult offender to the Indiana Department of Correction. A separate Abstract must be used for each Cause Number.

| Case name |  |
|---|---|
| THE STATE OF INDIANA VS  Paul E. Erlinger | |
| Cause No. 19C01-9109-CF-105, 106 19C01-9109-CF-116, 117 | Court Dubois Circuit Court |
| Date of sentencing September 30, 1991 | Presiding Judge Hugo C. Songer |
| Prosecutor William E. Weikert | Defense attorney Howard B. Lytton, Jr. |

**PART 1** — The defendant was found Guilty of the following crimes under the above-referenced cause.

| COUNT | CRIME | CLASS | FEL. | MISD. | STATUTORY CITATION |
|---|---|---|---|---|---|
| I | Burglary (19C01-9109-CF-105) | B | X | | I. C. 35-43-2-1 |
| II | Burglary (19C01-9109-CF-106) | C | X | | I. C. 35-43-2-1 |
| III | Burglary (19C01-9109-CF-116) | C | X | | I. C. 35-43-2-1 |
| IV | Burglary (19C01-9109-CF-117) | B | X | | I. C. 35-43-2-1 |
| V | | | | | |

**PART 2** — As a result of the above convictions, the Court has sentenced the defendant to the Department of Correction as follows: (If consecutive time is received, check only those counts which are to follow the original sentence)

| COUNT | SENTENCE YEARS / DAYS | SUSPENDED | CON-CUR. | CON-SEC. | ...WITH (COUNT OR CAUSE NUMBERS) |
|---|---|---|---|---|---|
| I | 15 years (19C01-9109-CF-105) | | | | |
| II | 5 years (19C01-9109-CF-106) | | X | | 19C01-9109-CF-105 |
| III | 5 years (19C01-9109-CF-116) | | X | | 19C01-9109-CF-105 |
| IV | 15 years (19C01-9109-CF-117) | | X | | 19C01-9109-CF-105 |
| V | | | | | |

**PART 3** — JUDGE'S RECOMMENDATIONS

Is the defendant to be returned to the Court for probation at the completion of his/her sentence? ☐ Yes (complete at right) ☒ No

Chief Probation Officer  Jeff Lomax

No. of days confined prior to sentencing

Recommended degree of security ☐ Maximum ☐ Medium ☐ Minimum ☒ No recommendation

Additional comments and recommendations

**The defendant's sentence is to run consecutive with the sentence defendant received in the State of Illinois.**

**PART 4** — JUDICIAL SIGNATURE

Signature of committing judge *Hugo C. Songer*

Hugo C. Songer

Date signed October 2, 1991

**PART 5** — AFFIDAVIT OF CLERK

State of Indiana )
County of **Dubois** ) SS:

I, **DONNA L. SCHROEDER**, Clerk of **Dubois** County, State of Indiana, do hereby certify that the foregoing is a true and complete abstract of judgment of said Court in the above-entitled cause, on the date first shown on record in my office.

As testimony of these facts, I sign my name and affix the seal of the **Dubois Circuit** Court of **Dubois** County, at my office in the City of **Jasper** this **2nd** day of **Oct**, 19 **91**.

Signature of Clerk *Donna L. Schroeder*

DONNA L. SCHROEDER